UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBINO TELLEZ, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:24-cv-1071 |
| | § | |
| KIEWIT CORPORATION, SOUTHWEST | § | |
| VALLEY CONSTRUCTORS CO., and | § | |
| JAMIE NICHOLAS BROWN, | § | |
| | § | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, ALBINO TELLEZ, Plaintiff, and makes and files this Plaintiff's Original Complaint complaining of Defendants, KIEWIT CORPORATION, SOUTHWEST VALLEY CONSTRUCTORS CO., and JAMIE NICHOLAS BROWN, and for such consideration will show unto the Court the following, to wit:

## I. JURISDICTION AND VENUE

1.1     The court has jurisdiction over the lawsuit under 28 U.S.C. §1332 (a)(1) and (2) because the Plaintiff and the Defendants are citizens of different states/foreign state and the amount in controversy exceeds $75,000, excluding interest and costs.

1.2     Plaintiff herein is a citizen of the State of Texas.

1.3     Defendant KIEWIT CORPORATION is a Delaware corporation and a resident of Nebraska.  Defendant VALLEY CONSTRUCTORS CO. a Delaware corporation and a resident of Nebraska.  Defendant JAMIE NICHOLAS BROWN is an individual who is domiciled and is a resident of Louisiana.  Defendant JAMIE NICHOLAS BROWN has the intention remain in

Louisiana. The Defendants herein do not have a principal place of business in Texas nor are they Texas citizens.

1.4     Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §1391 (b)(2).

1.5     Defendants' contacts with the State of Texas and the Western District are continuous and systematic, such that the court has general personal jurisdiction over Defendants.

1.6     Accordingly, Defendants have purposefully availed themselves of the privileges and benefits of conducting business in Texas.

1.7     Defendants' alleged liability in this case arises from or is related to the crash the occurred within the Western District of Texas.

1.8     The Court's exercise of personal jurisdiction over Defendants comports with due process.

1.9     Defendants are deemed to reside in the Western District of Texas pursuant to 28 U.S.C. §1391(c) in that it regularly conducts business in Maverick County, Texas and are subject to personal jurisdiction in the Western District of Texas.

## II. Parties

### A.     Plaintiff

2.1     Plaintiff ALBINO TELLEZ is a citizen of the State of Texas and is a resident of Eagle Pass, Maverick County, Texas. Plaintiff brings suit individually for his injuries and damages sustained as a result of this crash.

2.2     At all times relevant to this lawsuit ALBINO TELLEZ was a resident of Maverick County, Texas.

**B.     Defendants**

2.3     Defendant KIEWIT CORPORATION is a Delaware Corporation registered to do business in Texas and headquartered in Omaha, Nebraska.  Defendant KIEWIT CORPORATION may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St. Ste 900, Dallas, TX 75201.

2.4     Defendant SOUTHWEST VALLEY CONSTRUCTORS CO. is a Delaware Corporation registered to do business in Texas and headquartered in Omaha, Nebraska.  Defendant SOUTHWEST VALLEY CONSTRUCTORS CO. may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St. Ste 900, Dallas, TX 75201.

2.5     Defendant JAMIE NICHOLAS BROWN is an individual residing in Monroe, Louisiana and may be served with process at 3803 Lionel St., Monroe, Louisiana 71203, or wherever he may be found.

### III. FACTS

3.1     This lawsuit arises from a vehicular crash that occurred within the Western District of Texas on March 12, 2024.

3.2     Plaintiff ALBINO TELLEZ was stopped on LOOP 480 in the left lane for a traffic control device; namely a red light.

3.3     Defendant JAMIE NICHOLAS BROWN was travelling in the left lane behind Plaintiff ALBINO TELLEZ when Defendant JAMIE NICHOLAS BROWN ran into and struck the rear of the trailer being transported by Plaintiff ALBINO TELLEZ.

3.4     Defendant JAMIE NICHOLAS BROWN was traveling in a truck that was entrusted to Defendant JAMIE NICHOLAS BROWN by Defendant KIEWIT CORPORATION.

3.5 Defendant JAMIE NICHOLAS BROWN was traveling in a truck that was entrusted to Defendant JAMIE NICHOLAS BROWN by Defendant SOUTHWEST VALLEY CONSTRUCTORS CO.

3.6 At the time of the collision, Defendant JAMIE NICHOLAS BROWN was in the course and scope of his employment with Defendant KIEWIT CORPORATION.

3.7 At the time of the collision, Defendant JAMIE NICHOLAS BROWN was in the course and scope of his employment with Defendant SOUTHWEST VALLEY CONSTRUCTORS CO.

3.8 Defendant JAMIE NICHOLAS BROWN failed to keep a proper lookout for other vehicles as a person of ordinary care would have kept under the same or similar circumstances.

3.9 Defendant JAMIE NICHOLAS BROWN failed to apply his brakes to prevent him from striking the rear of the trailer being transported by Plaintiff ALBINO TELLEZ.

3.10 Plaintiff ALBINO TELLEZ was stopped at a red light.

3.11 Plaintiff's injuries and damages were the direct, producing, and proximate result of the collision in question and the negligence of Defendants, Defendants, KIEWIT CORPORATION, SOUTHWEST VALLEY CONSTRUCTORS CO., and/or JAMIE NICHOLAS BROWN.

## IV. CAUSES OF ACTION

### A. *RESPONDEAT SUPERIOR* LIABILITY

4.1 At the time of the crash in question, Defendant JAMIE NICHOLAS BROWN was an employee and driver of Defendant KIEWIT CORPORATION.

4.2 At the time of the crash in question, Defendant JAMIE NICHOLAS BROWN was an employee and driver of Defendant SOUTHWEST VALLEY CONSTRUCTORS CO.

4.3 At the time of the crash in question, Defendant JAMIE NICHOLAS BROWN was acting within the course and scope of his employment in the furtherance of the business of Defendant KIEWIT CORPORATION.

4.4 At the time of the crash in question, Defendant JAMIE NICHOLAS BROWN was acting within the course and scope of his employment in the furtherance of the business of Defendant SOUTHWEST VALLEY CONSTRUCTORS CO.

4.5 Pursuant to the doctrine of *respondeat superior*, Defendant KIEWIT CORPORATION and/or Defendant SOUTHWEST VALLEY CONSTRUCTORS CO. is responsible for the negligent acts and omissions of Defendant JAMIE NICHOLAS BROWN.

**B. NEGLIGENCE**

4.6 Defendant JAMIE NICHOLAS BROWN committed acts of omission and commission, which constituted negligence and negligence per se. Such negligence and negligence per se was a proximate cause of the occurrence in question, the severe injuries and the resulting damages of Plaintiff for which the Defendant JAMIE NICHOLAS BROWN is legally responsible.

4.7 Defendant KIEWIT CORPORATION and Defendant SOUTHWEST VALLEY CONSTRUCTORS CO. committed acts of omission and commission, which constituted negligence and negligence per se. Such negligence and negligence per se were a proximate cause of the occurrence in question, the severe injuries the Plaintiff sustained and the resulting damages for which the Defendants KIEWIT CORPORATION and SOUTHWEST VALLEY CONSTRUCTORS CO. are legally responsible.

4.8 Plaintiff alleges Defendant JAMIE NICHOLAS BROWN was negligent in one or more of the following manners:

      a. Failing to keep a proper lookout for warnings, other vehicles or obstruction as a person of ordinary care would have kept;

b.  Failing to maintain a proper speed;
c.  Failing to stop at a red traffic light;
d.  Driving at a greater rate of speed than a person using ordinary care would have driven under the circumstances;
e.  Failing to make an application of his brakes;
f.  Rear-ending the trailer being transported by Plaintiff;
g.  Failing to turn to avoid causing the subject collision; and,
h.  Failing to follow the traffic laws of the State of Texas.

4.9  Plaintiff further alleges that Defendants KIEWIT CORPORATION and SOUTHWEST VALLEY CONSTRUCTORS CO. were negligent in one or more of the following manners:

a.  Failing to properly train its drivers; including Defendant JAMIE NICHOLAS BROWN;
b.  Failing to establish an adequate safety program;
c.  Failing to adequately supervise its drivers; including Defendant JAMIE NICHOLAS BROWN;
d.  Failing to properly qualify its drivers; including Defendant JAMIE
e.  Failing to establish adequate policies and/or adequately enforce policies for its drivers, including a policy for traveling at a safe speed, in a safe manner, and with vigilance;
f.  Negligently entrusting the vehicle to Defendant JAMIE NICHOLAS BROWN; and
g.  Negligently hiring, supervising and retaining Defendant JAMIE NICHOLAS BROWN who was an unqualified, an incompetent, and a careless driver.

4.10  Defendant KIEWIT CORPORATION and/or Defendant SOUTHWEST VALLEY CONSTRUCTORS CO., its agents, successors and assigns, were negligent and/or grossly negligent in hiring, training, supervision, retaining, and allowing its employee/driver to operate a company vehicle at the time of the collision made basis of this suit. Such negligence includes, but is not limited to, failing to properly train its employee/driver with regard to driving a semi-truck, providing inadequate instructions to its employee/driver on the unique operating characteristics of tractor trailers, failing to teach its employee/driver on defensive driving techniques, failing to prohibit unnecessary cell phone use, failing to monitor and limit the number of hours its

employee/driver worked and/or drove, and permitting its employee/driver to operate vehicles while distracted and/or fatigued.

4.11 Plaintiff shows that the conduct referenced on the part of the Defendants, their agents, successors and assigns, acting individually and jointly, that their actions and omissions to act constitute negligence and/or gross negligence as that term is defined in law and that, as a result, Plaintiff is entitled to an award of actual damages against the Defendants, jointly and severally, and an award of exemplary damages against Defendants. These acts and omissions were a proximate cause of the collision, injuries, and damages as set forth in this petition.

### C. NEGLIGENT ENTRUSTMENT

4.12 Defendant KIEWIT CORPORATION and/or Defendant SOUTHWEST VALLEY CONSTRUCTORS CO., its agents, successors and assigns, were guilty of negligent and/or gross negligent entrustment, in that it knew or should have known that its employee/driver was a reckless driver given his driving history and other factors. This negligent entrustment was a proximate cause of the collision in question and the personal injuries and other damages sustained by the Plaintiff. To the extent Defendant KIEWIT CORPORATION and/or Defendant SOUTHWEST VALLEY CONSTRUCTORS CO. failed to ask, investigate and/or apprise itself of its employee's/driver's driving history, such acts and/or omissions constitute negligence that were a proximate cause of the collision, injuries, and damages as set forth in this petition.

### D. GROSS NEGLIGENCE OF DEFENDANTS

4.13 Plaintiff shows that the conduct, acts and omissions of Defendant KIEWIT CORPORATION and Defendant SOUTHWEST VALLEY CONSTRUCTORS CO. and their agents, successors and assigns, acting individually and jointly, constitute gross negligence as that term is defined in law. As a result, Plaintiff is entitled to an award of exemplary damages against

Defendant JAMIE NICHOLAS BROWN, Defendant KIEWIT CORPORATION, and Defendant SOUTHWEST VALLEY CONSTRUCTORS CO. The conduct of Defendants and their agents, employees, successors and assigns (when viewed objectively from each Defendants' standpoint at the time of the conduct) involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants and their agents, employees, successors and assigns were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff, therefore, seeks exemplary damages against Defendants KIEWIT CORPORATION, SOUTHWEST VALLEY CONSTRUCTORS CO., and JAMIE NICHOLAS BROWN.

## V. DAMAGES

5.1     As a producing, direct and proximate result of the incident, injuries, and damages for which Defendants are liable, Plaintiff seeks and are entitled to general, special, economic and noneconomic damages, as applicable to Plaintiff, in an amount in excess of the court's minimum jurisdictional limits, as the jury determines to be just and fair. Such damages include, but are not necessarily limited to:

*Personal Injury Damages*

1) Physical pain and mental anguish in the past and future;

2) Loss of earning capacity in the past and the future;

3) Loss of wages and earnings in the past and the future;

4) Physical disfigurement in the past and the future;

5) Physical impairment in the past and the future;

6) Medical care in the past and the future; and

7) All other damages allowed by law and equity.

The damages sought are greatly in excess of the minimum jurisdictional limits of the court.

## VI.  JURY DEMAND

6.1    Plaintiff timely requests a trial by jury and have tendered the appropriate fee.

## PRAYER

Plaintiff prays Defendants are cited to appear and answer herein, as the law directs, and that upon final hearing thereof, Plaintiff have and recover judgment from Defendants for damages and exemplary damages in such amounts as the evidence may show proper at the time of the trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate allowed by law, costs of court, attorney fees, and for such other and further relief both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

By:    */s/ Jason P. Hoelscher*
Jason P. Hoelscher
Federal Bar No. 38772
teamhoelscher@shhlaw.com
Miranda J. Cook
Federal Bar No. 24103740
**SICO HOELSCHER HARRIS LLP**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 653-3300

**ATTORNEYS FOR PLAINTIFF**